ALLEN, Judge.
The claimant appeals a workers’ compensation order in which the misrepresentation defense in section 440.15(5)(a), Florida Statutes (1991), was applied to deny the claim. We conclude that the statutory defense should not have been applied, as it pertains only under circumstances involving the aggravation or acceleration of a preexisting condition.
The claimant sought benefits for a back injury he suffered at work. At a hearing on the claim, it was established that the claimant had sustained a prior back injury while working for another employer at least 15 years earlier, but that the claimant denied any such prior injury in his written employment application with the present employer. Although there was no record evidence to suggest that the current injury is an aggravation or acceleration of the earlier injury, the judge applied section 440.15(5)(a) to deny the claimant benefits because of his false statement on the employment application.
The misrepresentation defense in section 440.15(5)(a) is a fairly recent statutory provision. As amended by chapter 90-201, section 20, Laws of Florida (with the deleted language struck through and the new language underlined), and reenacted by chapter 91-1, section 18, the statute provides that:
(5) SUBSEQUENT INJURY.—
(a) The fact that an employee has suffered previous disability, impairment, anomaly, or disease, or received compensation therefore, shall not preclude him from benefits for a subsequent aggravation or acceleration of the preexisting condition injury nor preclude benefits for death resulting therefrom, except that no benefits shall be payable if the employee, at the time of entering into the employment of the employer by whom the benefits would otherwise be payable, falsely represents himself in writing as not having previously been disabled or compensated because of such previous disability, impairment, anomaly, or disease. Compensation for temporary disability, medical benefits, and wage-loss benefits shall not be subject to apportionment.
Section 440.15(5) contains several provisions pertaining to subsequent injuries, but chapter 90-201 amended paragraph (a) so as to address only circumstances involving the aggravation or acceleration of a preexisting condition and to preclude benefits where a specified misrepresentation has been made. Accordingly, we construe these changes to preclude benefits due to such misrepresentation only in connection with the aggravation or acceleration of a preexisting condition.
Because this case does not involve the aggravation or acceleration of a preexisting condition, the section 440.15(5)(a) misrepresentation defense does not apply, and the judge should not have denied the claim on this basis. The appealed order is therefore reversed, and the cause is remanded.
BOOTH and MINER, JJ., concur.